IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHANEL CHARDA BAKER,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| vs. | )    Case No. 3:22-cv-145-DWD |
| | ) |
| **ILLINOIS DISBURSEMENT UNIT,** | ) |
| | ) |
|     **Defendant.** | ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Plaintiff Chanel Charda Baker filed this lawsuit on January 24, 2022. On the same day, Baker filed a motion for leave to proceed *in forma pauperis*. (Doc. 4). Two matters must be resolved before *in forma pauperis* status can be granted: the plaintiff must show that she is indigent by submitting an affidavit "that includes a statement of all assets [she] possesses [showing] that [she] is unable to pay such fees or give security therefor," and the plaintiff's complaint must state a claim upon which relief may be granted. 28 U.S.C. § 1915(a)(1), (e)(2).

In her complaint, Baker claims that she is owed over $6,000.00 in unpaid child support obligations. (Doc. 3 at 1). She alleges that this money was stolen by a "worker" at the Illinois Disbursement Unit. (Doc. 3 at 1). She alleges that she is being financially exploited and seeks compensation for this exploitation. (Doc. 3 at 1).

For a plaintiff to state a claim under Federal Rule of Civil Procedure 8, she must state the basis for the court's jurisdiction, a short summary of the claim showing that she

is entitled to relief, and a demand for the specific relief sought. Baker lists six claims against Defendant: embezzlement, misappropriation, third degree grand larceny, money laundering, vicarious negligence, and grand theft. (Doc. 3 at 1). To the degree that Baker charges Defendant with various forms of theft, criminal laws generally do not provide a cause of action that private citizens may pursue in a civil lawsuit. *See Ragsdale v. Turnock*, 941 F.2d 501, 509 (7th Cir. 1991); *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007). Baker has not shown that her claims fall under any exception to this general rule.

Baker otherwise fails to adequately state a claim for relief. Rule 8 requires that in a complaint, facts "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff's complaint does not contain enough factual background showing why she is owed $6,000.00 in child support payments by the Illinois Disbursement Unit or why an employee of the Illinois Disbursement Unit is responsible for misappropriating the payments. Baker does demand specific relief: she asks the Court to return her child support money. (Doc. 3 at 2). But Baker still needs to provide a plausible factual basis showing her entitlement to these child support payments and her reasons for believing that an employee of the Illinois Disbursement Unit has misappropriated the money.

Baker also fails to show that this Court has jurisdiction over this case. "It is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case." *Foster v. Hill*, 497 F.3d 695, 696–97 (7th Cir. 2007). One common basis for federal subject matter jurisdiction is diversity jurisdiction. To establish diversity jurisdiction, a plaintiff must show that the plaintiff and defendants are citizens

of different states *and* that the amount-in-controversy exceeds $75,000.00. 28 U.S.C. § 1332(a). Baker's complaint indicates that she lives in Pittsburgh, Pennsylvania and that Defendant is located in Illinois. (Doc. 3 at 1). However, the alleged claim *must* exceed $75,000.00 for there to be diversity jurisdiction over a case. 28 U.S.C. § 1332(a); *Exxon Mobil Corp. v. Allapattah Services*, 545 U.S. 546, 552 (2005). Plaintiff does not seek relief in excess of $75,000.00, so this Court does not have diversity jurisdiction over this claim.

For these reasons, Baker's complaint (Doc. 3) is **DISMISSED without prejudice**. On or before **March 7, 2022**, Baker shall file an amended complaint that clearly states the facts behind her claims, the cause of action or statute supporting her claims, and the basis for the Court's jurisdiction over those claims. Failure to do so will result in the final dismissal of the case.

**SO ORDERED.**

Dated: February 4, 2022

_____
DAVID W. DUGAN
United States District Judge